UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CSX TRANSPORTATION, INC.

    Plaintiff,

                              Case No. 05-71139

v.                              Hon. John Corbett O'Meara

TOWNSHIP OF ST. CLAIR,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

CSX Transportation, Inc. filed suit against the Township of St. Clair, seeking a declaratory judgment that any legal action the Township might take to interfere with a CSX construction project is preempted by federal law. On March 25, 2005, CSX moved for a preliminary injunction which would prevent the Township from taking any legal action that might interfere with the project while the case is pending. The Township filed a response on April 18, and CSX filed a reply on April 20. The court heard oral argument on April 22. On May 5, CSX filed a supplemental brief. Because the court has determined that this dispute is not ripe for judicial review, plaintiff's motion is denied.

### Background

Plaintiff CSX is a large railroad corporation. In 1989, CSX acquired the 19-mile long Port Huron & Detroit Line that runs through St. Clair Township. St. Clair Township is home to 2,400 residents. The line is used primarily to transport coal, oil, and plastic pellets. CSX currently uses a railroad facility in Port Huron as its main facility in Michigan's "Thumb" region. In 2003, CSX sold the property on which this facility is located to a developer that plans

to create a residential and commercial development.  CSX must vacate the Port Huron facility no later than July 7, 2005.

CSX made plans to expand an existing 27-acre St. Clair facility to accommodate the sale of the Port Huron facility.  CSX purchased property adjoining the St. Clair facility to create a 45-acre tract that is two miles long.  The planned expansion includes creation of a maintenance track, an industrial track to load and unload plastic pellets, storage tracks, realignment of the main track, and creation of access roads, parking areas, and structures related to CSX's railroad operations.  CSX plans to install security lighting on 25-30 foot poles, which will have shields to minimize the glare offsite.  The Township is concerned that the property is in close proximity to a residential area, believing there are potential nuisances from the planned facility.  Because CSX must leave its Port Huron facility in July, it claims that any delays to the construction will substantially impact its ability to service its customers.

A portion of the project will be situated on the St. Clair Industrial Park.  The Industrial Park was created on August 22, 2000 by a contract between the Township of St. Clair and the City of St. Clair.  The contract gave the City the boundary rights to the Industrial Park, while the Township received reimbursements from property tax revenues.  The agreement provides that the City shall be solely responsible for zoning and building code enforcement and shall reasonably enforce all zoning and building code restrictions of the City.  CSX, while pursuing this construction project, applied for and was granted approval for permits from local government units, including a site plan approval and building permit from the City, a soil erosion control permit from the county, a drainage permit from the drain commission, and a driveway approach permit from the road commission.

The Township has the right to declare a breach of the St. Clair Industrial Park agreement if the City fails to comply with its obligations, but the Township must give the City 90 days notice of the alleged default before it takes any action. The Township notified the City on February 14, 2005 that the Township believed the City defaulted on the contract by failing to enforce the City's zoning and building code restrictions. On the same date, the Township Board approved the pursuance of legal action designed to stop the expansion against either CSX directly or the City. CSX fears that these potential legal proceedings will delay the timely completion of the expansion.

## Law and Analysis

CSX argues that any actions the Township may take to delay the project are preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501(b). The Township argues that the dispute is not ripe for judicial review because it has not yet taken any action that would directly interfere with CSX's construction. Two factors are relevant to the determination of whether an issue is ripe for adjudication - the fitness of the issue for judicial resolution and the potential hardship on the parties if the issue is not adjudicated. Airline Prof'ls Ass'n of the Int'l Brotherhood of Teamsters, Local Union No. 1224 v. Airborne, Inc., 332 F.3d 982, 988 (6th Cir. 2003).

The court determines that the issue of preemption is not fit for judicial resolution. CSX is seeking extremely broad injunctive relief which would prevent the Township from interfering with the project in any way. A number of future actions taken by the Township could potentially be prohibited by such a broad injunction. At this point, it is still unclear what action, if any, the Township might pursue that might somehow interfere with the project. Federal courts are

extremely hesitant to become involved in suits seeking injunctions against the anticipated future actions of local public officials that are not mandated by statute.  O'Shea v. Littleton, 414 U.S. 448 (1974); City of Los Angeles v. Lyons, 461 U.S. 95 (1983).  Respect for federalism and the separations of powers demands that federal courts decide such issues only when necessary.

Even if an issue is not ordinarily fit for judicial resolution, the hardship resulting from leaving the issue undecided might lead a court to determine that the issue warrants judicial review.  In this case, CSX does not face substantial hardship because there nothing currently prevents the construction project from continuing as planned.  CSX does face uncertainty as to what actions the Township may take which might impact the construction project.  However, uncertainty always exists in construction projects.  This uncertainty does not warrant this court deciding hypothetical legal issues.

The court is not dismissing the entire action for ripeness.  This holding is limited to denying CSX's motion for a preliminary injunction.  At this point, CSX has not demonstrated a substantial likelihood of success on the merits, because the case is not ripe for adjudication.  CSX has also not demonstrated an irreparable injury because it faces only potential injury.  The court is retaining jurisdiction over this dispute should the Township take action which might make this controversy ripe for review.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's March 25, 2005 Motion for Preliminary Injunction is **DENIED**.

> s/John Corbett O'Meara
> John Corbett O'Meara
> United States District Judge

Dated:  May 6, 2005

4